UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JUDY NARVAEZ,**

      **Plaintiff,**

v.                                                        **Case No: 6:22-cv-341-EJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Motion"), filed October 20, 2022. (Doc. 29.) Therein, Plaintiff seeks an award of attorney's fees of $4,960.00[1] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (*Id.* at 1, 6–7.) Upon consideration, the Motion is due to be granted in part and denied in part for the reasons set forth herein.

**I.  BACKGROUND**

Plaintiff instituted this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"), who denied Plaintiff Social Security benefits. (Doc. 1.) After Plaintiff filed her memorandum as to why this case should be remanded (Doc. 25), the

---

[1] It appears that Plaintiff actually seeks an award of fees of $5,221.41 based on the chart in the Motion. (Doc. 29 at 5.)

Commissioner agreed to an Unopposed Motion for Entry of Judgment with Remand, pursuant to § 405(g). (Doc. 26.) The undersigned then granted the Unopposed Motion, reversed the final decision of the Commissioner, and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 27). The Clerk then entered judgment in favor of Plaintiff on July 25, 2022. (Doc. 28.)

Thereafter, Plaintiff filed the instant Motion, requesting $4,960.00 in attorney's fees. (Doc. 29.) The Motion includes a schedule of Plaintiff's attorneys' and paralegals' billable hours to support the application. (Doc. 29-1.) Plaintiff also attached an Affidavit, which requests that the EAJA fees be made payable to her counsel. (Doc. 29-13.)

## II.  DISCUSSION

### A. Eligibility for an Award of Fees

In ruling on a request for fees pursuant to the EAJA, a court must determine whether: (1) the requesting party is eligible for fees; and (2) the amount of requested fees is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A claimant is eligible for an attorney's fee award where: (1) the claimant is the prevailing party in a non-tort suit involving the United States; (2) the government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million when the complaint was filed; and (5) there are no special circumstances that would make the award of fees unjust. 28 U.S.C. § 2412(d). The fee award must also be reasonable. *Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018) (citing 28

U.S.C. § 2412(d)(2)(A)).

A social security plaintiff is deemed to have prevailed against the United States if the court orders a "sentence four"[2] remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). The application for attorney's fees is timely if it is made within thirty days of the final judgment in the action; however, premature requests are also deemed timely. 28 U.S.C. § 2412(d)(1)(B); *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). The deadline begins to "run[] from the end of the period for appeal," which is sixty days for the Commissioner. *Shalala*, 509 U.S. at 303; Fed. R. App. P. 4(a)(1)(B)(iii) (stating that in a civil case where one of the parties is a United States officer or employee sued in an official capacity, any party may file a notice of appeal within 60 days after entry of the judgment). The request must contain an allegation that the Commissioner's position was not substantially justified. *Jean*, 496 U.S. at 160.

As with any petition for fees, the Court must always apply its own expertise and judgment, regardless of whether the requested fee amount is contested. *Winkler v. Cach, LLC*, No. 8:11-cv-2358-T-24AEP, 2012 WL 2568135, at *1 (M.D. Fla. July 2, 2012). An EAJA award is to the party and therefore subject to an offset to satisfy any preexisting debt that the party owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

---

[2] A "sentence-four" remand refers to the fourth sentence of 42 U.S.C. § 405(g). Sentence four authorizes the Court to enter a "judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

Plaintiff has satisfied the five requirements that determine a claimant's eligibility for attorney's fees pursuant to the EAJA. Plaintiff is deemed to have prevailed since the Court entered a sentence four remand. (Doc. 27.) The request for fees was timely since it was filed within ninety days of the Clerk's entry of judgment. (Docs. 28, 29.) Additionally, Plaintiff avers that her net worth is less than two million dollars at the filing of the Complaint and that the Commissioner's position was not substantially justified. (Docs. 29-13 ¶ 3; 29 at 3–4.) Further, the Court is not aware of any special circumstances that would make an award of fees unjust. Since Plaintiff is eligible for an award of fees, the remaining issue is whether the requested amount of fees is reasonable.

### B. Reasonableness of the Fee

EAJA fees are determined by using the "lodestar" method—the number of hours reasonably expended multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990). The EAJA requires that the amount of attorney's fees be "reasonable," which is determined by the "prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* The party requesting fees has the burden of demonstrating the reasonableness of the fee and the number of hours expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Watford v. Heckler*, 765 F.2d

1562, 1568 (11th Cir. 1985). The requesting party may also include the number of hours it took to prepare the EAJA request in its request for fees. *Jean*, 863 F.2d at 779–80.

Courts use a two-step analysis when determining the appropriate hourly rate under the EAJA. *Meyer v. Sullivan*, 958 F. 2d 1029, 1034 (11th Cir. 1992). First, a court determines the market rate for similar services provided by lawyers of "comparable skill, experience, and reputation" in the area. *Id.* Second, the court evaluates the cost of living increase, specifically at the time the work was performed and not at the time when the motion was filed. *Id.*; *see also Bey v. Comm'r of Soc. Sec.*, No. 3:18-CV-319-J-PDB, 2019 WL 4221716, at *2 (M.D. Fla. Sept. 5, 2019) (citing *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997)). The court is considered an "expert" on the reasonable rates and may use its independent judgment in evaluating whether the hourly rate is reasonable. *Norman*, 836 F.2d at 1304 (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)); *see also Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-CV-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019). Courts in this District routinely calculate cost of living adjustments under the EAJA using the United States Department of Labor's Consumer Price Index ("CPI"). *See Wilborn v. Comm'r of Soc. Sec.*, No. 8:11-cv-2249-T-30MAP, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. July 22, 2009).

Plaintiff's attorneys and paralegals expended 27.4 hours in EAJA-related representation in this case, all taking place during 2022. (Doc. 29-1.) After reviewing

a description of the activities performed in relation to this matter, the Court determines that 27.4 hours is reasonable in this case. The majority of the time was spent preparing the Plaintiff's portion of the joint memorandum. (*Id.*) The remaining hours were spent on other case-related work. (*Id.*) None of the attorney hours billed for appear to be clerical, secretarial, or excludable as unnecessary.

With regard to the hourly rate for attorney work on the file, Plaintiff is requesting an award of $229.05 per hour for 20.1 hours of time performed by Attorney Daniel Brady. (Doc. 29 at 4.) Based on the Court's knowledge, the market rate for similar services provided by lawyers of comparable skill, experience, and reputation in the Orlando area exceeds $125 per hour. Additionally, an increase in the cost of living from 1996, when the statutory rate was established, to when Plaintiff's counsel performed his work on this case justifies an upward adjustment from $125.

The Court finds that using the CPI for the Southern region of the United States most accurately reflects the increase in the cost of living in the Orlando area. *See Zapata-Reyes v. Comm'r*, No. 6:18-cv-976, Doc. 29 at 5–6; *Alzamora v. Comm'r*, No. 6:18-cv-618, Doc. 28 at 5–6. Since Plaintiff's counsel performed work in this case in 2022, the Court will use the average CPI from January 2022 to September 2022 to determine the appropriate hourly rate.[3] According to the United States Department of Labor, the 1996 average CPI for all urban consumers in the Southern region was 153.6 and in 2022 it was 281.996. Accordingly, the adjusted hourly rate should be $229.49 for 2022.

---

[3] The U.S. Bureau of Labor Statistics has not yet released the October 2022 average monthly CPI.

Thus, the amount of attorney's fees Plaintiff is entitled to is $4,612.75.

Plaintiff also seeks fees for work performed on the file by paralegals and attorneys not admitted to the Middle District of Florida. (Doc. 29 at 4–5.) In *Richlin Security Service Company v. Chertoff*, the Supreme Court held that "a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." 553 U.S. 571, 590 (2008). Plaintiff seeks compensation for paralegal time in this case amounting to 5.9 paralegal hours at a rate of $75 per hour. (Doc. 29 at 6.) Courts in this District have awarded paralegals $75.00 per hour in EAJA cases. *See Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018) (citing cases). Here, because the Commissioner did not object to the rate of $75 for a paralegal and because the rate does not exceed the statutory maximum, the undersigned finds it appropriate to award paralegal fees at the rate of $75 per hour. Thus, the undersigned finds that Plaintiff is entitled to $442.50 in paralegal fees.

Plaintiff also requests attorneys not admitted to the Middle District of Florida be compensated at the non-admitted attorney rate of $125.00 per hour. (Doc. 29 at 4.) Specifically, Plaintiff seeks compensation for non-admitted attorney time in this case amounting to 1.4 hours at a rate of $125 per hour. Plaintiff does not cite case law for the proposition that non-admitted attorneys are entitled to $125 per hour. Rather, "the prevailing market rate for social security appeals for attorneys not admitted to practice in the Middle District of Florida is the reasonable hourly rate of a paralegal for social security appeals, or $75.00 per hour." *Schoenfeld*, 2018 WL 5634000, at *1 (noting the

Eleventh Circuit affirmed a district court's decision to award EAJA fees at a paralegal rate for non-admitted attorneys) (citing *Zech v. Comm'r of Soc. Sec.*, 680 F. App'x 858, 860 (11th Cir. 2017)). Therefore, in the absence of additional authority, the Court will reduce the requested hourly rate for non-admitted attorneys to $75.00 per hour. Thus, for 1.4 hours of non-admitted attorney time, Plaintiff is entitled to $105 in fees.

III. **CONCLUSION**

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 29) is **GRANTED IN PART** and **DENIED IN PART**.

2. Plaintiff is entitled to an award of fees in the amount of **$5,160.25**.

**DONE** and **ORDERED** in Orlando, Florida on November 8, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE